# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PETER STROJNIK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WOODSIDE HOTEL GROUP LTD,<br><br>　　　　Defendant. | Case No.  20-cv-03204-BLF<br><br>**ORDER GRANTING MOTION TO REQUIRE PLAINTIFF TO POST A COSTS BOND; VACATING HEARING FOR PENDING MOTION TO DISMISS** |

Presently before the Court is a Motion to Require Plaintiff Peter Strojnik to Post a Costs Bond. ECF 7. Defendant Woodside Hotel Group Ltd. d/b/a Monterey Plaza Hotel & Spa requests that Strojnik be required to post a $75,000 bond to cover anticipated costs and reasonable attorneys' fees likely to be incurred in the defense of this action. *See id.* at 1. The Court previously found this motion suitable for decision without oral argument pursuant to Civil Local Rule 7–1(b) and vacated the motion hearing scheduled for October 8, 2020. ECF 20. Having considered the parties' submissions and the relevant law, Defendant's motion is GRANTED.

Although the Federal Rules of Civil Procedure do not address security bonds, federal district courts "have inherent power to require plaintiffs to post security for costs." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). "'Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved.'" *Id.* (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2671). California requires a court to order a security bond when a

defendant shows that (1) the plaintiff resides out of state and (2) there is a "reasonable possibility" that the defendant will prevail on the merits. Cal. Code Civ. Proc. § 1030(a)-(c).

Following section 1030's requirements, and looking to the underlying claims, the Court finds it appropriate to require Strojnik to post a bond for costs and attorneys' fees. There is no dispute that Strojnik resides out of state in Arizona. *See* ECF 8 at 1 (listing Strojnik's address in Arizona). The Court also finds that there is a reasonable possibility that Defendant will prevail on the merits and that Strojnik's Americans with Disabilities Act ("ADA") claim is frivolous. *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (fees and costs can be awarded under the ADA only if the plaintiff's claims were "frivolous, unreasonable, or without foundation"). Defendant's pending Motion to Dismiss raises significant legal issues, such as Strojnik's failure to allege Article III standing. *See* ECF 21 at 6. Strojnik has repeatedly failed to make such a showing in California federal courts. *See, e.g., Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 19-cv-2067, ECF 23 (C.D. Cal. Aug. 14, 2019) (dismissing without leave to amend for failure to allege standing), *aff'd*, 801 Fed.Appx. 569 (9th Cir. 2020); *Strojnik v. Four Sisters Inns, Inc.*, Case No. 19-cv-2991, ECF 21 (C.D. Cal. Dec. 9, 2019) (same); *Strojnik Sr. v. Orangewood LLC*, Case No. 19-cv-946, ECF 43 (C.D. Cal. Jan. 22, 2020) (same); *see also Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983-DMR, 2020 WL 2838814, at *7-*9 (N.D. Cal. June 1, 2020) (collecting cases).

And the Northern District of California has declared Strojnik a vexatious litigant precisely because of his unreasonable and frivolous conduct in ADA cases. *IA Lodging Napa First*, 2020 WL 2838814. In *Strojnik v. IA Lodging Napa First*, the court made extensive findings about Strojnik's litigation tactics, concluding that "courts in the Ninth Circuit have repeatedly admonished Strojnik for failing to allege a connection between ADA violations and a plaintiff's particular disabilities" and highlighting "Strojnik's intransigence in changing his pleadings practices despite having specific court guidance on the deficiencies." *Id.* at *10. The court also

found that "Strojnik's pleading practices waste the resources of the court and impose unjustified costs on parties who are forced to defend loosely pleaded complaints that do not allege specific facts about their misconduct." *Id*. at *12 (internal quotation marks and alterations omitted). Further, because of this vexatious conduct, another district court in the Ninth Circuit required Strojnik to post a $10,000 bond within 21 days of filing *any* new action alleging ADA violations. *See Strojnik v. Driftwood Hosp. Mgmt. LLC*, No. CV-20-00343-PHX-DJH, 2021 WL 50456, at *11 (D. Ariz. Jan. 6, 2021).

Defendant requests that the Court require Strojnik to post a $75,000 bond. *See* ECF 7 at 1. In support of this bond amount, Defendant offers the declaration of its attorney Philip H. Stillman. *See* ECF 7-2. Stillman estimates that he will expend a minimum of $36,100 in costs on this litigation and will likely expend $103,140 in fees to achieve a judgment. *Id*. ¶¶ 16, 25. Stillman also alleges that he has already incurred 35 hours of time on this matter, equating to $15,750 in fees. *Id*. ¶ 25. Although Stillman requests a bond of $75,000, federal courts in California have awarded more modest fees awards in similar cases brought by Strojnik. *See, e.g., Strojnik v. 1017 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2021 WL 120899 (S.D. Cal. Jan. 12, 2021) (awarding $21,995 in attorneys' fees after dismissing the complaint); *Strojnik v. Inn At Jack London Square, LLC*, Case No. 4:20-cv-01289-SBA, ECF 29 (N.D. Cal. January 28, 2021) (report and recommendation for $17,850 in attorney's fees after dismissing the complaint). In light of this caselaw and the Stillman declaration, the Court finds a bond of $20,000 appropriate here.

Defendant's Motion to Require Strojnik to Post a Costs Bond is GRANTED. Strojnik SHALL post a $20,000 bond within 14 days of this Order. With respect to Defendant's pending Motion to Dismiss at ECF 21, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7–1(b) and VACATES the motion hearing scheduled for February 18, 2021.

**IT IS SO ORDERED.**

Dated: February 9, 2021

_____
BETH LABSON FREEMAN
United States District Judge