UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER STROJNIK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WOODSIDE HOTEL GROUP, LTD,<br><br>　　　　　Defendant. | Case No.  20-cv-03204-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>[Re:  ECF 21] |

Plaintiff Peter Strojnik ("Plaintiff" or "Strojnik"), representing himself *pro se*, alleges that Defendant Woodside Hotel Group, LTD ("Defendant"), dba Monterey Plaza Hotel & Spa (the "Hotel") located in Monterey, California, violated the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act ("Unruh Act"), and the California Disabled Persons Act ("DPA") and is liable for negligence. Plaintiff alleges that he personally visited the Hotel and encountered accessibility barriers, denying him full and equal access to the public accommodation and enjoyment of the Hotel. Compl., ECF 1 ¶¶ 10-12; First Am. Compl. ("FAC"), ECF 11  ¶¶ 25-27, 30, 36, 42-45.

Defendant now seeks to dismiss all claims in the FAC pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). *See* Mot., ECF 21. Plaintiff filed an opposition to the motion. *See* Opp'n, ECF 22. Defendant filed a reply to Plaintiff's opposition brief. *See* Reply, ECF 27. After considering the parties' submissions, the case file, and relevant law, the Court GRANTS Defendant's motion to dismiss WITH LEAVE TO AMEND for the reasons that follow.

**I.    BACKGROUND**

　　**A.  Factual Allegations**

Strojnik, a resident of Arizona, alleges that he has "prostate cancer, genitourinary

impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure" that "limit major life activities" including "walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, working or performing any physical activity whatsoever." FAC ¶¶ 8, 14-15, 17. According to Plaintiff, his disabilities require "the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards…" *Id.* ¶ 18. The "actual, physical or architectural barriers to accessibility" at Defendant's Hotel caused Plaintiff "discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers." *Id.* ¶ 24.

Plaintiff contends that he lodged at the Hotel on or about September 26-27, 2019 and encountered allegedly inaccessible barriers, such as the valet, concierge counter, check-in counter, staircase, and seating areas. *Id.* ¶¶ 13, 25. The FAC includes photographs of each barrier and a description of each barrier and how it affected Plaintiff's impairments as to deny him the full and equal access and enjoyment of the Hotel. *Id.* ¶¶ 25-26. Plaintiff alleges that he intends to visit the Hotel again, but is deterred from doing so by the Hotel's non-compliance with the ADA. *Id.* ¶ 13. Plaintiff further alleges that he intends to revisit the Hotel when the non-compliance is cured. *Id.*

**B. Procedural History**

On May 11, 2020, Plaintiff filed the Complaint, alleging violations of (1) the ADA, 42 U.S.C. § 12101 *et seq.*; (2) the Unruh Act, California Civil Code §§ 51, 52; (3) the DPA; and (4) negligence. Compl. ¶ 1. On June 1, 2020, the Court declared Strojnik a vexatious litigant. *See Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983-DMR, 2020 WL 2838814 (N.D. Cal. June 1, 2020). As part of this declaration, the Court ordered that "[i]f Strojnik wishes to file a complaint, he must provide a copy of such complaint, a letter requesting that the complaint be filed, and a copy of this order to the Clerk of the Court." *Id*. at *13. On June 8, 2020, Defendant moved to dismiss the Complaint. *See* Mot. to Dismiss Compl., ECF 10. On June 11, 2020, Plaintiff filed the FAC, asserting the same legal theories as the original complaint. FAC. The

1  Court terminated Defendant's motion to dismiss the original complaint as moot. *See* Order
2  Terminating Mot., ECF 15. Now before the Court is Defendant's Motion to Dismiss the FAC
3  under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to
4  state a claim. *See* Mot., ECF 21.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1): Lack of Subject Matter Jurisdiction

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Johnson v. Otter*, No. 18-CV-01689-BLF, 2019 WL 452040, at *1–2 (N.D. Cal. Feb. 5, 2019); *see Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376–77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject-matter jurisdiction."). The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.* Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

In the instant motion, Defendant contends Plaintiff lacks Article III standing, which "is a necessary component of subject matter jurisdiction." *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011). The Supreme Court has repeatedly stated that the "irreducible constitutional minimum of standing" consists of three elements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). These elements are often referred to as injury in fact, causation, and redressability. *See Planned Parenthood of Greater Washington & N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1108 (9th Cir. 2020). Strojnik, as the party invoking federal jurisdiction, bears the burden of establishing the existence of Article III standing and at the pleading stage "must clearly allege facts demonstrating each element." *Spokeo*, 136 S. Ct. at 1547 (internal quotation marks and citation omitted); *see also Baker v. United States*, 722 F.2d 517, 518 (9th Cir. 1983) ("The facts to show standing must be clearly apparent on the face of the complaint.").

### B. Federal Rule of Civil Procedure 12(b)(6): Failure to State a Claim

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Johnson v. Mariani*, No. 17-CV-01628-BLF, 2017 WL 2929453, at *1 (N.D. Cal. July 10, 2017) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for

relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

### III. DISCUSSION
#### A. Request for Judicial Notice

Plaintiff and Defendant each request judicial notice of court orders and other judicial filings. ECF 21-3; ECF 22 at 31-52 (appending district court orders to opposition brief). Courts may properly take judicial notice of other court filings and matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)). Neither party opposes the other's request or objects to the authenticity of the identified documents. The Court GRANTS these requests. Defendant additionally requests that the Court take judicial notice of three surveillance videos of Plaintiff posted online by Defendant's counsel. *See* ECF 21-3 ¶ 3. Plaintiff does not object to the judicial notice of this evidence. The Court GRANTS this request for the *limited* purpose of considering Defendant's factual attack on subject matter jurisdiction.

#### B. Evidentiary Objections

Before turning to the parties' substantive arguments, the Court briefly addresses evidentiary objections raised in Defendant's reply brief. *See* ECF 28-2. Defendant provides the Court with a laundry list of evidentiary objections to Plaintiff's opposition brief. Civil Local Rule 7-3(c) requires that "[a]ny evidentiary…objections to the opposition must be contained with the reply brief or memorandum" and "the reply brief…may not exceed 15 pages of text." Civ. L.R. 7-3(c). These requirements are also set forth in the Court's Standing Order for Civil Cases, which is available at http://www.cand.uscourts.gov/judges/freeman-beth-l-blf/. Defendant's reply brief and evidentiary objections far exceed the aggregate 15-page limit. The Court accordingly STRIKES pages 6-8 of Defendant's evidentiary objections for violating the Local Rules and Standing Order. Defendant takes an everything-but-the-kitchen-sink approach to the remaining objections 1-8,

arguing that the identified "evidence" is irrelevant, lacks foundation, vague, a legal conclusion, calls for speculation, or overly broad. *See, e.g.,* ECF 28-2 ¶¶ 1-8. The Court SUSTAINS objections 1-5 as irrelevant. The Court OVERRULES objections 6-8. Most of these objections are to assertions or arguments—not evidence. And, to the extent the objections do refer to evidence, none of the raised objections constitute grounds to exclude the evidence itself.

### C. ADA Claim

Defendant moves to dismiss the FAC for lack of subject matter jurisdiction, insisting that Plaintiff lacks standing. "Because injunctive relief is the only relief available to private ADA plaintiffs, a plaintiff alleging ADA violations must establish standing to pursue injunctive relief. Standing for injunctive relief requires a plaintiff to establish a 'real and immediate threat of repeated injury.'" *IA Lodging*, 2020 WL 2838814, at *5 (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). Ninth Circuit caselaw establishes that an ADA plaintiff may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). Defendant asserts that Strojnik has failed to establish standing under either standard. Mot. 13, 18.

Here, Defendant facially and factually challenges whether Plaintiff suffered an injury-in-fact. Mot. 6-20; Reply 3-9. Defendant facially challenges whether the FAC sufficiently alleged the architectural barriers at the Hotel and how those barriers relate to Plaintiff's particular disability. Mot. 7-10. Defendant factually challenges Plaintiff's injury-in-fact by introducing a surveillance video of Plaintiff walking through another facility with no apparent impairment and a March 9, 2020 Rule 35 medical exam ordered by the court in *Strojnik v. Evans Hotels*, LLC, 3:19-CV-00650-BAS-AGH (S.D.Cal 2019). *See* Mot. 11; Reply 3-4; ECF 21-2, Ex. 2.

#### 1. Actual Encounters

An ADA plaintiff may prove standing if he actually encountered a noncompliant barrier related to his disability and there is "a sufficient likelihood that he will again be wronged in a similar way." *See Chapman*, 631 F.3d at 948 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95,

111 (1983)).

### a. Injury-in-Fact

"Under the ADA, when a disabled person encounters an accessibility barrier violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way." *Chapman*, 631 F.3d at 947; *see Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1041 n. 4 (stating that the ADA "does not limit its antidiscrimination mandate to barriers that completely prohibit access"). Instead, "the barrier need only interfere with the plaintiff's 'full and equal enjoyment' of the facility." 42 U.S.C. § 12182(a). The Ninth Circuit explained in *Doran* that

> [o]nce a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III....

*Doran,* 524 F.3d at 1042 n. 5. "[A] 'barrier' will only amount to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability. Because the ADAAG establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA." *Chapman,* 631 F.3d at 947. That discrimination satisfies the "injury-in-fact" element of *Lujan.* "[O]nce a disabled plaintiff has encountered a barrier violating the ADA, 'that plaintiff will have a 'personal stake in the outcome of the controversy' so long as his or her suit is limited to barriers related to that person's particular disability.'" *Id.* at 947.

Nonetheless, the standard for pleading an ADA injury-in-fact is not trivial. The Ninth Circuit recently held that "it is [in]sufficient for a complaint to recite the elements of an ADA claim: (1) the plaintiff is disabled; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) barriers affecting plaintiff's disability within defendant's place of accommodation barred the plaintiff from full enjoyment of the facility." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1178 (9th Cir. Jan. 25, 2021). The Ninth Circuit

1  emphasized that the appropriate pleading standing to pursue an ADA claim was articulated its *en*
2  *banc* decision in *Chapman*. *Id*. at 1179 (citing *Chapman*, 631 F.3d at 954). In *Chapman*, the
3  plaintiff alleged that he was physically disabled, that he visited defendant's premises, and that he
4  encountered barriers that denied him equal access. 631 F.3d at 954. The Ninth Circuit held that his
5  complaint failed to allege standing because "he never allege[d] what those barriers were and how
6  his disability was affected by them so as to deny him the 'full and equal' access that would satisfy
7  the injury-in-fact requirement." *Id.* at 954. Rather than identifying a specific barrier, plaintiff
8  attached an accessibility survey to the complaint that identified multiple ADA barriers that
9  allegedly "denied him access to the Store, *or* which he [sought] to remove on behalf of others
10 under related state statutes." *Id*. at 954 (emphasis in original). The survey did not connect the
11 barriers to plaintiff's disability or indicate which barriers he actually encountered. *Id*. at 955.

12       Here, Defendant asserts that the FAC fails to identify how the alleged barriers relate to
13 Plaintiff's disability. Mot. 7. Defendant also argues that the photographs of alleged barriers at the
14 Hotel and associated captions are legal conclusions. *Id*. at 8. Strojnik does not directly respond to
15 this facial attack. *See* Opp'n.

16       Courts have been clear that to establish standing in an ADA case, a plaintiff must allege a
17 connection between a noncompliant barrier and his or her disability. *IA Lodging*, 2020 WL
18 2838814, at *5 ("An ADA plaintiff may establish standing if he encountered a noncompliant
19 barrier related to his disability"); *see also Chapman*, 631 F.3d at 947 n. 4 ("[A] plaintiff's standing
20 to claim an ADA violation *is necessarily linked to the nature of his disability*." (emphasis added)).
21 For example, in another case brought by Strojnik, the Eastern District of California found that
22 Strojnik failed to establish standing where his complaint contained "'a series of [fifteen] grainy,
23 murky photographs titled 'Personal Barrier Encounters,' with brief captions" of barriers he
24 purportedly encountered at the Hotel, but "[did] not identify any barriers that would affect
25 Strojnik, deny him equal access, or deter him from staying at the hotel.'" *Strojnik v. Hotel Circle*
26 *GL Holdings, LLC*, No. 119CV01194DADEPG, 2019 WL 6212084, at *3 (E.D. Cal. Nov. 21,
27 2019) (internal citation omitted). The court explained that "the captions under each of the fifteen
28 photographs—such as 'Security latch too high,' 'Not everyone is welcome,' 'Grab bar – plumbing

8

interference,' 'flush control on the wrong side of tank,' etc.—are bare legal conclusions cast in the form of factual allegations, with no specification as to how any alleged barrier violates any aspect of the ADA or any related accessibility guidelines." *Id.* The court further found that Strojnik failed to allege how the aforementioned barriers related to his *specific* disabilities, instead relying on conclusory statements that "these barriers 'relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.'" *Id.* (internal marks omitted).

The FAC contains slightly more specific enumerations of the barriers at issue and how they impacted Plaintiff's enjoyment of the Hotel than those in *Hotel Circle GL Holdings*. *See generally* FAC 10-27. For example, Plaintiff includes a photograph of a staircase at the hotel and alleges that "[s]tairs deny Plaintiff equal access for the simple reason that, based on his impairments described elsewhere in this paper, Plaintiff's impairments affect his ability to negotiate stairs." *Id.* at 12. But Plaintiff still fails to state how the features displayed in the photographs are inaccessible to him based on his specific disabilities. *See Chapman*, 631 F.3d at 947 n. 4 ("[A] plaintiff's standing to claim an ADA violation is *necessarily linked to the nature of his disability*." (emphasis added)). This is particularly true given that Plaintiff fails to allege with any meaningful particularity how each of his alleged disabilities manifest, instead opting to provide the Court with a laundry list of generalized ailments. *See, e.g.,* FAC 5 (stating that Plaintiff has prostate cancer and genitourinary impairment abnormal cell growth, which "relate[s]" to a "major life activity" because it impacts his "genitourinary, bladder, [and] reproductive functions."). Elsewhere, below a photograph of the Hotel's passenger loading zone, Plaintiff explains that

> [a] properly marked passenger loading zone would permit Plaintiff the closest location to the lobby which, in turn, would allow Plaintiff to walk and carry luggage a lesser distance from the passenger loading zone to the lobby than necessary. With the passenger loading zone unmarked, physically able individuals are permitted to load and unload in the passenger loading zone, requiring Plaintiff to walk and carry luggage a longer distance that necessary.

*See* FAC 10. Plaintiff does not include any details about how the passenger loading zone *specifically* affects him in light of his *particular* disabilities. Indeed, Strojnik does not allege that

he arrived at the Hotel in a wheelchair or that he required the use of a wheelchair during the time of his visit to the Hotel. The only "injury" he alleges is that the conditions in the loading zone required him to walk a longer distance. These general allegations are conclusory and could apply to almost anyone.

The Court now turns to Defendant's factual challenge. Defendant asserts that Plaintiff has not shown that he has a disability that relates to the alleged barriers because "no where in his complaint does he claim to use a wheelchair and thus cannot complain of any of the alleged barriers that would apply to disabled people in wheelchairs, such 'inaccessible check-in counter' and 'security latch too high.'" Mot. 11. The Court notes that Plaintiff asserted once in the FAC that "[i]n their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104." FAC ¶ 22. However, Plaintiff fails to indicate the frequency with which this occurs or whether he was required to use a wheelchair on the day he visited the Hotel. *Id.* ¶ 24. Further, Defendant presents extrinsic evidence of a Rule 35 medical exam and multiple surveillance videos showing Plaintiff "striding through the lobby of the Bakersfield Marriott while pulling a large suitcase and carrying another piece of luggage over his shoulder." Mot. 11.

In resolving a factual attack on jurisdiction, the Court "may review evidence beyond the complaint," *Safe Air for Everyone*, 373 F.3d at 1039; *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In the ADA context, courts have considered surveillance videos and even taken note of the manifestation of a plaintiff's disabilities in court. *Strojnik v. Vill. 1017 Coronado, Inc.*, No. 19-CV-02210-BAS-MSB, 2020 WL 3250608, at *4 (S.D. Cal. June 16, 2020); *see also* Mot. 11-12. In another case brought by Strojnik, the defendant presented a surveillance video "ostensibly showing [Strojnik] checking into a hotel without the need of a wheelchair." *Id*. at *2. The court further noted that "[Strojnik] was able to enter the courtroom [for a motion hearing] unassisted by a wheelchair and did not appear to have difficulty ambulating." *Id*. The court found that, "at least on some occasions, [Strojnik] is able to walk without the assistance of a wheelchair or walker. Plaintiff does not allege *when* he needs the assistance of a wheelchair or *that he needed the assistance of a wheelchair at the time he wished to visit the Hotel*." *Id* (emphasis added); *see also Rutherford v. Cesar's Mexican Rest., LLC*, No. 19CV1416-LAB (JLB), 2019 WL 4193392, at *2

(S.D. Cal. Sept. 3, 2019) ("the FAC does not allege that he arrived in a van, or that he needed or used a specially-equipped van when using his cane—or, for that matter, that he has ever used such a van."). Because Strojnik failed to allege "[]sufficient facts to show even that he was disabled at the time he intended to visit" defendant's location, the court held that Strojnik failed to demonstrate standing for his ADA claim. *Vill. 1017 Coronado*, 2020 WL 3250608, at *4.

Similarly, in the present case, Defendant presented the Court with several surveillance videos showing Strojnik ambulating without problem. *See* Decl. of Philip Stillman ("Stillman Decl."), ECF 21-2 ¶¶ 2-5 (describing video content). First, Defendant provided the Court with a link to the June 5, 2019 video discussed in *Strojnik v. Vill. 1017 Coronado* by the Southern District of California. Mot. 11. Defendant also provided the Court with a link to a surveillance video from February 11, 2020 that showed Strojnik walking in front of a hotel desk, identifying himself, walking and taking measurements in the parking lot "without any apparent difficulty," and getting into his car. *Id.* at 12. A third video from February 10, 2020, to which Defendant also provided a link, shows Strojnik walking through another Bay Area hotel without mobility assistance. *Id.* at 12.

Taken together with the Rule 35 medical exam, this extrinsic evidence weighs against Plaintiff's allegations that during his visit to the Hotel, he had a disability impacted by the alleged accessibility barriers. Plaintiff does not put forth his own evidence to dispute Defendant's allegations. *See Safe Air for Everyone*, 373 F.3d at 1039 ("Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."). The Court accepts Defendant's factual challenge and finds that Strojnik has alleged insufficient facts to show he was disabled during his visit to the Hotel.

Accordingly, the Court concludes that Plaintiff has not sufficiently alleged an injury-in-fact.

### b. Intent to Return

In addition to an injury-in-fact, a "plaintiff 'must demonstrate a real and immediate threat

of repeated injury in the future.'" *1017 Coronado*, 2020 WL 3250608, at *3 (quoting *Chapman*, 631 F.3d at 946 (en banc)). "[D]emonstrating an intent to return to a noncompliant accommodation" is one avenue to establish this threat of future harm. *Id.* Because Plaintiff has not adequately pleaded an injury-in-fact, the Court need not address whether he has sufficiently alleged an intent to return to the Hotel. *See IA Lodging*, 2020 WL 2838814, at *5.

### 2. Deterrence

Alternatively, an ADA plaintiff who 'has visited a public accommodation on a prior occasion shows a real and immediate threat if he 'is currently deterred from visiting that accommodation by accessibility barriers.' *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (quoting *Doran,* 524 F.3d at 1041 (9th Cir. 2008)). "[W]hen a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the 'futile gesture' of attempting to gain access in order to show actual injury.*" Pickern v. Holiday Quality Foods Inc*., 293 F.3d 1133, 1135 (9th Cir. 2002) (quoting 42 U.S.C. § 12188(a)(1)). Even under a deterrence theory, a plaintiff must allege "actual knowledge of a barrier" and an intent to visit a facility once it is ADA compliant. *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr*., 867 F.3d 1093, 1099 (9th Cir. 2017).

Strojnik has not pled sufficient facts that he was deterred from visiting the Hotel. As explained above, Strojnik has failed to allege how the Hotel's identified features are related to his particular disabilities or how they would impact his access to the Hotel. *See R.F. Weichert V, Inc*., 2021 WL 242912, at *6 (finding that Strojnik failed to adequately plead deterrence because the complaint "do[es] not adequately explain why the features shown in the photos are related to Mr. Strojnik's disability or how they would impact his access to the facility."); *IA Lodging*, 2020 WL 2838814, at *6 (finding that Strojnik failed to adequately plead deterrence because the "photographs attached to his complaint have generic and vague descriptions that do not explain why the identified features are not ADA compliant or how they are related to his disability.").

\*\*\*

Because the FAC fails to allege injury-in-fact or deterrence, the Court lacks subject matter

jurisdiction over Plaintiff's sole federal claim. *See Strojnik v. Pasadena Robles Acquisition, LLC*, 801 F. App'x 569, 570 (9th Cir. 2020) (affirming the district court's dismissal of Strojnik's ADA claim for lack of standing); *IA Lodging*, 2020 WL 2838814, at *6. Accordingly, the Court DISMISSES Plaintiff's ADA claim.

### D. State Law Claims

Defendant seeks dismissal of Plaintiff's three state law claims on two grounds. First, Defendant moves to dismiss the claims under Rule 12(b)(6) on the grounds that (1) Plaintiff lacks statutory standing under the Unruh Act and the DPA and (2) Plaintiff fails to plead facts sufficient to state a plausible negligence claim. Mot. 20-23. Defendant alternatively argues that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims if it dismisses Plaintiff's ADA claims. *Id.* at 23-24.

"If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims." *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001). Because the Court has no subject-matter jurisdiction over Strojnik's sole federal claim, the Court cannot exercise supplemental jurisdiction over the remaining state law claims. *See, e.g., R.F. Weichert V, Inc.*, 2021 WL 242912, at *6 (refusing to exercise supplemental jurisdiction over Strojnik's state claims after it dismissed the ADA claim); *IA Lodging*, 2020 WL 2838814, at *6 (same); *Vill. 1017 Coronado*, 2020 WL 3250608, at *4 (same); *Hotel Circle*, 2019 WL 6212084, at *6 (same). The Court DISMISSES Plaintiff's Unruh Act, DPA, and negligence claims.

### E. Leave to Amend the First Amended Complaint

"[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003). Such is the case here. The Court grants Plaintiff thirty days to amend the FAC. The Court cautions Plaintiff of his obligations under Federal Rule of Civil Procedure 11 to not reallege claims that have no basis in law or fact. Rule 11 violations may subject him to sanctions. *See, e.g.*, *Hotel Circle*, 2019 WL 6212084, at *7 (warning Strojnik that Rule 11 violations may subject him to

sanctions).

## IV. ORDER

For the foregoing reasons, Defendant's motion to is GRANTED WITH LEAVE TO AMEND. Plaintiff SHALL file an amended complaint **no later than 14 days**. Plaintiff SHALL file the amended complaint alongside the $20,000 costs bond the Court previously imposed. ECF 32.  Failure to timely post bond and amend the FAC will result in this action being dismissed with prejudice. Should any amended pleading be pled improperly, there will be no additional grant of leave to amend.

**IT IS SO ORDERED.**

Dated:  April 2, 2021

_____
BETH LABSON FREEMAN
United States District Judge

14